ROBERT J. O'CONNOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
O'Connor v. Commissioner
Docket No. 23137-92
United States Tax Court
T.C. Memo 1994-16; 1994 Tax Ct. Memo LEXIS 17; 67 T.C.M. (CCH) 1966; January 12, 1994, Filed *17 An Order and Order of Dismissal for Lack of Jurisdiction will be entered denying petitioner's motion to dismiss for lack of jurisdiction and granting respondent's motion to dismiss for lack of jurisdiction. Robert J. O'Connor, pro se. For respondent: Deidre James. DAWSON, NAMEROFF
DAWSON, NAMEROFF
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Larry L. Nameroff pursuant to section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE NAMEROFF, Special Trial Judge: In separate notices, respondent determined the following deficiencies in and additions to petitioner's Federal income taxes: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6661
1985
$ 7,830
$ 391.50
[1]
$ 1,957.50
1987
9,020
451.00
[1]
2,255.00
*18 This case is before us on cross-motions to dismiss for lack of jurisdiction. Respondent contends that the case should be dismissed for lack of jurisdiction on the ground that the petition was not timely filed within the time prescribed by section 6213(a). Petitioner contends that respondent failed to properly mail or deliver the notices of deficiency, thereby rendering them invalid. In the alternative, petitioner contends that a person with a power of attorney filed a petition for redetermination of the 1987 deficiency with the Internal Revenue Service on July 23, 1992. At the hearing, petitioner conceded that the notice of deficiency for 1987 was mailed to his last known address on May 5, 1992, but maintains that he never received such notice. Moreover, with respect to the notice of deficiency for 1985 which petitioner received, he contends that the notice is invalid because a duplicate notice was not mailed to his former wife, Judy O'Connor, at her last known address. Some of the facts have been stipulated and are so found. Petitioner resided at 1917 Flathead Trail, Agoura, California 91301, at all times relevant to this case. Such address was petitioner's last known address *19 at the time the notices of deficiency were issued. Respondent mailed a notice of deficiency for 1985 to petitioner at his last known address by certified mail on May 4, 1992. On May 5, 1992, respondent mailed to petitioner by certified mail a notice of deficiency for 1987; respondent mailed a duplicate copy of the 1987 notice of deficiency to petitioner's former wife at 29712 Windsong Lane, Agoura, California, 91301. Subsequently, the envelope containing the notice of deficiency for 1987 that was mailed to petitioner was returned to respondent unclaimed. Petitioner filed his petition in this Court on October 19, 1992, 168 days and 167 days after the mailing of the respective notices of deficiency. [2]
*20 It is well settled that to maintain an action in this Court there must be a valid notice of deficiency and a timely filed petition. ; ; . The Commissioner is authorized to send a notice of deficiency by certified or registered mail if she determines there is a deficiency in tax. Sec. 6212(a). Mailing the notice of deficiency to the taxpayer's last known address shall constitute sufficient notice. Sec. 6212(b)(1). Once the notice of deficiency has been mailed, the taxpayer has 90 days (150 days if the notice is addressed to a person outside the United States) in which to file a petition with this Court. Sec. 6213(a). It is well established that a notice of deficiency is valid even if not received. , affg. on other grounds ; , affg. an *21 unpublished Order of this Court; . Due to the administrative burdens of the Internal Revenue Service (IRS), Congress did not intend to require actual notice. Rather, it permitted the use of a method that would ordinarily result in such notice. . The statute is satisfied as long as the notice of deficiency is mailed by certified or registered mail to the taxpayer's "last known address". With respect to the 1985 notice of deficiency, it is undisputed that the petition is untimely. Petitioner contends, however, that respondent's failure to mail a duplicate notice of deficiency for 1985 to his former wife invalidates the notice. Even though husband and wife file a joint income tax return and are generally jointly and severally liable for any tax liability, each person is a separate individual and is to be regarded separately. Mrs. O'Connor is not a petitioner herein; Mr. O'Connor is the sole petitioner, and the notice of deficiency for 1985 was *22 properly mailed to his last known address by certified mail and was received. We have no jurisdiction to determine whether the notice of deficiency was valid as to Mrs. O'Connor. Further, whether or not the notice of deficiency was valid as to her is not relevant as to its validity with respect to petitioner. The notice of deficiency for 1987 was mailed to petitioner's last known address and subsequently returned to respondent unclaimed. Nothing in section 6212(b) requires the IRS to take additional steps to deliver the notice of deficiency if it is returned. Therefore, the notice of deficiency was valid, and the petition was untimely. Notwithstanding petitioner's failure to receive the 1987 notice of deficiency, on July 23, 1992, petitioner's power of attorney, Mr. Mike Davis, mailed a petition for a redetermination of the 1987 deficiency to the IRS, District Director, Los Angeles. Such petition was received by the District Director on July 30, 1992, and transferred to the Chief Examination Division, Los Angeles on July 31, 1992. It is not clear what happened to the document thereafter. We note that the first *23 page of each notice of deficiency advised petitioner of the address to which the petition should have been sent. It stated the following: If you want to contest this deficiency in court before making any payment, you have 90 days from the above mailing of this letter (150 days if addressed to you outside of the United States) to file a petition with the United States Tax Court for a redetermination of the deficiency. The petition should be filed with the United States Tax Court, 400 Second Street, NW., Washington, D.C. 20217.
Moreover, Rule 10(e) provides "Mailing Address: Mail to the Court should be addressed to the United States Tax Court, 400 Second Street, N.W., Washington D.C. 20217." We have consistently held that mailing to the IRS does not constitute mailing to the U.S. Tax Court. E.g., ; ; ; ; . In *24 , we stated, as follows: We have no authority to extend the period provided by law for filing a petition with the Tax Court whatever the equities of a particular case may be and regardless of the cause for its not being filed within the required period. The mailing of a petition to the Internal Revenue Service is manifestly not filing it with the Tax Court. * * *
Finally, at the hearing petitioner testified that on May 18, 1992, he wrote the Court a letter which indicated his desire to have a redetermination of respondent's deficiency and requesting the forms necessary to petition the Court. However, after searching the files and records of the Court, we have been unable to locate any record of the May letter. Moreover, because the letter was not mailed by certified or registered mail, there is no proof of petitioner's mailing or the Court's receipt of the alleged letter. Thus, we must conclude that the alleged letter was never received by the Court, and, therefore, has no relevance to the disposition of this matter. Accordingly, we will deny petitioner's cross-motion to dismiss for lack of jurisdiction, *25 and we will grant respondent's motion to dismiss for lack of jurisdiction. However, petitioner may still be able to obtain a judicial hearing on the merits of respondent's determination in the United States District Court or the United States Court of Federal Claims via the refund procedure. To reflect the foregoing, An Order and Order of Dismissal for Lack of Jurisdiction will be entered denying petitioner's motion to dismiss for lack of jurisdiction and granting respondent's motion to dismiss for lack of jurisdiction. Footnotes
1. All section references are to the Internal Revenue Code as amended. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 50 percent of the interest payable on the portion of the underpayment attributable to negligence. ↩
2. Petitioner contends that the 150-day period in which to file a petition was applicable to him, rather than the 90-day period. We need not address this issue, as petitioner filed his petition 168 days and 167 days after the respective notices of deficiency were issued. Thus, even if the extended period in which to file a petition was applicable, the petition was still filed untimely.↩